1  McGREGOR W. SCOTT
   United States Attorney
2  ROGER YANG
   Assistant United States Attorney
3
4  501 I Street, Suite 10-100
   Sacramento, CA 95814
   Telephone:  (916) 554-2700
5  Facsimile:   (916) 554-2900
6  Attorneys for Plaintiff
   United States of America
7

8                    IN THE UNITED STATES DISTRICT COURT
9
                     EASTERN DISTRICT OF CALIFORNIA
10

11 UNITED STATES OF AMERICA,                CASE NO.  2:18-CR-00141 MCE

12                            Plaintiff,     STIPULATION REGARDING EXCLUDABLE
                                             TIME PERIODS UNDER SPEEDY TRIAL ACT;
13                  v.                        ORDER

14 BRIAN FORMICONI,                          DATE: June 11, 2020
                                             TIME: 10:00 a.m.
15                            Defendant.     COURT: Hon. Morrison C. England, Jr.

16

17        This case is set for status hearing on June 11, 2020.  On May 13, 2020, this Court issued General

18 Order 618, which suspends all jury trials in the Eastern District of California "until further notice."

19 Further, pursuant to General Order 611, this Court's declaration of judicial emergency under 18 U.S.C.

20 § 3174, and the Ninth Circuit Judicial Council's Order of April 16, 2020 continuing this Court's judicial

21 emergency, this Court has allowed district judges to continue all criminal matters to a date after May 2,

22 2021.[1]  This and previous General Orders, as well as the declarations of judicial emergency, were

23 entered to address public health concerns related to COVID-19.

24        Although the General Orders and declarations of emergency address the district-wide health

25 concern, the Supreme Court has emphasized that the Speedy Trial Act's end-of-justice provision

26 "counteract[s] substantive openendedness with procedural strictness," "demand[ing] on-the-record

27 _____

28        [1] A judge "may order case-by-case exceptions" at the discretion of that judge "or upon the
   request of counsel, after consultation with counsel and the Clerk of the Court to the extent such an order
   will impact court staff and operations."  General Order 618, ¶ 7 (E.D. Cal. May 13, 2020).

   STIPULATION REGARDING EXCLUDABLE TIME                    1
   PERIODS UNDER SPEEDY TRIAL ACT

1  findings" in a particular case. *Zedner v. United States*, 547 U.S. 489, 509 (2006).  "[W]ithout on-the-

2  record findings, there can be no exclusion under" § 3161(h)(7)(A).  *Id.* at 507.  Moreover, any such

3  failure cannot be harmless.  *Id.* at 509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153

4  (9th Cir. 2000) (explaining that a judge ordering an ends-of-justice continuance must set forth explicit

5  findings on the record "either orally or in writing").

6       Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory

7  and inexcusable—General Orders 611, 612, 617, and 618 and the subsequent declaration of judicial

8  emergency require specific supplementation.  Ends-of-justice continuances are excludable only if "the

9  judge granted such continuance on the basis of his findings that the ends of justice served by taking such

10  action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C.

11  § 3161(h)(7)(A).  Moreover, no such period is excludable unless "the court sets forth, in the record of

12  the case, either orally or in writing, its reason or finding that the ends of justice served by the granting of

13  such continuance outweigh the best interests of the public and the defendant in a speedy trial."  *Id.*

14       The General Orders and declaration of judicial emergency exclude delay in the "ends of justice."

15  18 U.S.C. § 3161(h)(7) (Local Code T4).  Although the Speedy Trial Act does not directly address

16  continuances stemming from pandemics, natural disasters, or other emergencies, this Court has

17  discretion to order a continuance in such circumstances.  For example, the Ninth Circuit affirmed a two-

18  week ends-of-justice continuance following Mt. St. Helens' eruption.  *Furlow v. United States,* 644 F.2d

19  764 (9th Cir. 1981).  The court recognized that the eruption made it impossible for the trial to proceed.

20  *Id.* at 767-68; *see also United States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to

21  exclude time following the September 11, 2001 terrorist attacks and the resultant public emergency).

22  The coronavirus is posing a similar, albeit more enduring, barrier to the prompt proceedings mandated

23  by the statutory rules.

24       In light of the societal context created by the foregoing, this Court should consider the following

25  case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-

26  justice exception, § 3161(h)(7) (Local Code T4). [2]  On April 27, 2020, this Court vacated the May 21,

27

---

28  [2] The parties note that General Order 612 acknowledges that a district judge may make "additional findings to support the exclusion" at the judge's discretion.  General Order 612, ¶ 5 (E.D. Cal. March 18, 2020).

STIPULATION REGARDING EXCLUDABLE TIME          2
PERIODS UNDER SPEEDY TRIAL ACT

1 | 2020 status conference and continued it to June 11, 2020. *United States v. Lewis,* 611 F.3d 1172, 1176

2 | (9th Cir. 2010) (noting any pretrial continuance must be "specifically limited in time").  By stipulation,

3 | the parties excluded time to June 11, 2020 on May 20, 2020.  Also on May 20, 2020, the government

4 | produced the product of a cell search at the main jail.

**STIPULATION**

Plaintiff United States of America, by and through its counsel of record, and defendant, by and

through defendant's counsel of record, hereby stipulate as follows:

1. By previous order, this matter was set for status on June 11, 2020.  On April 27, 2020,

this Court vacated the May 21, 2020 status conference and continued it to June 11, 2020.  On May 20,

2020, the parties excluded time to June 11, 2020.

2. By this stipulation, defendant now moves to continue the status conference until August

27, 2020, and to exclude time between June 11, 2020, and August 27, 2020, under 18 U.S.C.

§ 3161(h)(7)(A), B(iv) [Local Code T4].

3. The parties agree and stipulate, and request that the Court find the following:

a) The government has represented that the discovery associated with this case

includes hundreds of pages of discovery and a large amount of digital evidence.  All of this

discovery has been either produced directly to counsel and/or made available for inspection and

copying.  The government produced additional material recovered from a cell search in April

2020.

b) Counsel for defendant desires additional time to investigate restitution issues and

possible defenses.   Counsel for defendant will need time to review the materials from the cell

search and its possible effects on the trial evidence in the case.

c) Counsel for defendant believes that failure to grant the above-requested

continuance would deny him/her the reasonable time necessary for effective preparation, taking

into account the exercise of due diligence.

d) The government does not object to the continuance.

e) Based on the above-stated findings, the ends of justice served by continuing the

case as requested outweigh the interest of the public and the defendant in a trial within the

STIPULATION REGARDING EXCLUDABLE TIME
PERIODS UNDER SPEEDY TRIAL ACT

3

1    original date prescribed by the Speedy Trial Act.

2           f)    For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161,

3    et seq., within which trial must commence, the time period of June 11, 2020 to August 27, 2020,

4    inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4]

5    because it results from a continuance granted by the Court at defendant's request on the basis of

6    the Court's finding that the ends of justice served by taking such action outweigh the best interest

7    of the public and the defendant in a speedy trial.

8           4.    Nothing in this stipulation and order shall preclude a finding that other provisions of the

9    Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial

10   must commence.

11          IT IS SO STIPULATED.

12

     Dated:  June 4, 2020                           McGREGOR W. SCOTT
13                                                   United States Attorney

14
                                                     /s/ ROGER YANG
15                                                   ROGER YANG
                                                     Assistant United States Attorney
16

17

     Dated:  June 4, 2020                           /s/ Thomas A. Johnson
18                                                   Thomas A. Johnson
                                                     Counsel for Defendant
19                                                   BRIAN FORMICONI

20

21                                  **ORDER**

22          IT IS SO ORDERED.

23   Dated:  June 9, 2020

24

25                                                   _____
                                                     MORRISON C. ENGLAND, JR
26                                                   UNITED STATES DISTRICT JUDGE

27

28

     STIPULATION REGARDING EXCLUDABLE TIME                    4
     PERIODS UNDER SPEEDY TRIAL ACT