1  MCGREGOR W. SCOTT
United States Attorney
2  ROGER YANG
Assistant United States Attorney
3

4  501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone:  (916) 554-2700
5  Facsimile:   (916) 554-2900

6  Attorneys for Plaintiff
United States of America
7

8                    IN THE UNITED STATES DISTRICT COURT
9
                     EASTERN DISTRICT OF CALIFORNIA
10

11  UNITED STATES OF AMERICA,                    CASE NO.  2:18-CR-00141 MCE

12                          Plaintiff,           STIPULATION REGARDING EXCLUDABLE
                                                 TIME PERIODS UNDER SPEEDY TRIAL ACT;
13                   v.                          FINDINGS AND ORDER

14  BRIAN FORMICONI,                             DATE: September 17, 2020
                                                 TIME: 10:00 a.m.
15                          Defendant.           COURT: Hon. Morrison C. England, Jr.

16

17        This case is set for status hearing on June 11, 2020.  On May 13, 2020, this Court issued General

18  Order 618, which suspends all jury trials in the Eastern District of California "until further notice."

19  Further, pursuant to General Order 611, this Court's declaration of judicial emergency under 18 U.S.C.

20  § 3174, and the Ninth Circuit Judicial Council's Order of April 16, 2020 continuing this Court's judicial

21  emergency, this Court has allowed district judges to continue all criminal matters to a date after May 2,

22  2021.[1]  This and previous General Orders, as well as the declarations of judicial emergency, were

23  entered to address public health concerns related to COVID-19.

24        Although the General Orders and declarations of emergency address the district-wide health

25  concern, the Supreme Court has emphasized that the Speedy Trial Act's end-of-justice provision

26  "counteract[s] substantive openendedness with procedural strictness," "demand[ing] on-the-record

27

28  _____
        [1] A judge "may order case-by-case exceptions" at the discretion of that judge "or upon the
request of counsel, after consultation with counsel and the Clerk of the Court to the extent such an order
will impact court staff and operations."  General Order 618, ¶ 7 (E.D. Cal. May 13, 2020).

STIPULATION REGARDING EXCLUDABLE TIME                1
PERIODS UNDER SPEEDY TRIAL ACT

1  findings" in a particular case. *Zedner v. United States*, 547 U.S. 489, 509 (2006).  "[W]ithout on-the-

2  record findings, there can be no exclusion under" § 3161(h)(7)(A).  *Id.* at 507.  Moreover, any such

3  failure cannot be harmless.  *Id.* at 509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153

4  (9th Cir. 2000) (explaining that a judge ordering an ends-of-justice continuance must set forth explicit

5  findings on the record "either orally or in writing").

6       Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory

7  and inexcusable—General Orders 611, 612, 617, and 618 and the subsequent declaration of judicial

8  emergency require specific supplementation.  Ends-of-justice continuances are excludable only if "the

9  judge granted such continuance on the basis of his findings that the ends of justice served by taking such

10  action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C.

11  § 3161(h)(7)(A).  Moreover, no such period is excludable unless "the court sets forth, in the record of

12  the case, either orally or in writing, its reason or finding that the ends of justice served by the granting of

13  such continuance outweigh the best interests of the public and the defendant in a speedy trial."  *Id.*

14       The General Orders and declaration of judicial emergency exclude delay in the "ends of justice."

15  18 U.S.C. § 3161(h)(7) (Local Code T4).  Although the Speedy Trial Act does not directly address

16  continuances stemming from pandemics, natural disasters, or other emergencies, this Court has

17  discretion to order a continuance in such circumstances.  For example, the Ninth Circuit affirmed a two-

18  week ends-of-justice continuance following Mt. St. Helens' eruption.  *Furlow v. United States,* 644 F.2d

19  764 (9th Cir. 1981).  The court recognized that the eruption made it impossible for the trial to proceed.

20  *Id.* at 767-68; *see also United States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to

21  exclude time following the September 11, 2001 terrorist attacks and the resultant public emergency).

22  The coronavirus is posing a similar, albeit more enduring, barrier to the prompt proceedings mandated

23  by the statutory rules.

24       In light of the societal context created by the foregoing, this Court should consider the following

25  case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-

26  justice exception, § 3161(h)(7) (Local Code T4). [2]  On April 27, 2020, this Court vacated the May 21,

27

28  ――――――――――
[2] The parties note that General Order 612 acknowledges that a district judge may make "additional findings to support the exclusion" at the judge's discretion.  General Order 612, ¶ 5 (E.D. Cal. March 18, 2020).

STIPULATION REGARDING EXCLUDABLE TIME          2
PERIODS UNDER SPEEDY TRIAL ACT

1 | 2020 status conference and continued it to June 11, 2020.  *United States v. Lewis,* 611 F.3d 1172, 1176

2 | (9th Cir. 2010) (noting any pretrial continuance must be "specifically limited in time").  By stipulation,

3 | the parties excluded time to June 11, 2020 on May 20, 2020.  Also on May 20, 2020, the government

4 | produced the product of a cell search at the main jail.

5 | **STIPULATION**

6 | Plaintiff United States of America, by and through its counsel of record, and defendant, by and

7 | through defendant's counsel of record, hereby stipulate as follows:

8 | 1.       By previous order, this matter was set for status on September 17, 2020.

9 | 2.       By this stipulation, defendant now moves to continue the status conference until

10 | November 12, 2020, and to exclude time between September 17, 2020, and November 12, 2020, under

11 | 18 U.S.C. § 3161(h)(7)(A), B(iv) [Local Code T4].

12 | 3.       The parties agree and stipulate, and request that the Court find the following:

13 | a)       The government has represented that the discovery associated with this case

14 | includes hundreds of pages of discovery and a large amount of digital evidence.  All of this

15 | discovery has been either produced directly to counsel and/or made available for inspection and

16 | copying.  The government produced additional material recovered from a cell search in April

17 | 2020.

18 | b)       Counsel for defendant desires additional time to investigate restitution issues and

19 | possible defenses.   Counsel for defendant will need time to review the materials from the cell

20 | search and its possible effects on the trial evidence in the case.  Additionally, counsel for the

21 | defendant has had difficulty meeting with the client in person to review the matter.

22 | c)       Counsel for defendant believes that failure to grant the above-requested

23 | continuance would deny him/her the reasonable time necessary for effective preparation, taking

24 | into account the exercise of due diligence.

25 | d)       The government does not object to the continuance.

26 | e)       Based on the above-stated findings, the ends of justice served by continuing the

27 | case as requested outweigh the interest of the public and the defendant in a trial within the

28 | original date prescribed by the Speedy Trial Act.

STIPULATION REGARDING EXCLUDABLE TIME
PERIODS UNDER SPEEDY TRIAL ACT

3

f)      For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of September 17, 2020 to November 12, 2020, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4] because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

4.      Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.

Dated:  September 10, 2020                            McGREGOR W. SCOTT
                                                     United States Attorney


                                                     /s/ ROGER YANG
                                                     ROGER YANG
                                                     Assistant United States Attorney


Dated:  September 10, 2020                            /s/ Thomas A. Johnson
                                                     Thomas A. Johnson
                                                     Counsel for Defendant
                                                     BRIAN FORMICONI


**FINDINGS AND ORDER**

IT IS SO ORDERED.

Dated:  September 14, 2020

MORRISON C. ENGLAND, JR.
SENIOR UNITED STATES DISTRICT JUDGE

STIPULATION REGARDING EXCLUDABLE TIME                    4
PERIODS UNDER SPEEDY TRIAL ACT