PHILLIP A. TALBERT
United States Attorney
ROGER YANG
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile:  (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>    v.<br><br>BRIAN BAPTISE FORMICONI,<br><br>                Defendant. | CASE NO. 2:18-CR-00141 KJM<br><br>GOVERNMENT'S SENTENCING MEMORANDUM<br><br>DATE: August 22, 2022<br>TIME: 10:00 a.m.<br>COURT: Hon. Kimberly J. Mueller |

The United States of America respectfully submits this Sentencing Memorandum and, recommends that the Court sentence Brian Baptise Formiconi ("defendant") to a total of 210 months of imprisonment to be followed by a lifetime term of supervised release. As set forth below, a sentence of 210 months in custody, while severe, is sufficient but not greater than necessary to achieve the goals and interests of the sentencing factors in 18 U.S.C. § 3553(a). The government requests that the Court find that the applicable Guideline range in this matter is: 210 to 262 months.

I. **RELEVANT PROCEDURAL HISTORY**

On July 25, 2018, a grand jury indicted the defendant on a count of sexual exploitation of a child, and a count of distribution of child pornography, and a count of possession of child pornography. CR 1. On September 9, 2021, the defendant plead guilty to Count One of the Indictment, charging him with sexual exploitation of a child pursuant to a plea agreement.

//
//

II.     **PLEA AGREEMENT FACTS**

In 2016-2017, the Royal Canadian Mounted Police were investigating a network of people trading child pornography using Kik Messenger. During the investigation, law enforcement obtained messages sent to other users by Kik user "buzzkill17421." Among the files sent by "buzzkill17421" to another Kik user were 10 images of the vagina of Minor Victim 1, displayed in a lewd and lascivious manner. Other Kik messages sent around the same time indicated that the images were meant for the sexual gratification of the defendant or another person.

Investigators discovered that the IP address used to log into Kik Messenger by "buzzkill17421" was leased to the defendant, Brian Formiconi, at his home. The profile picture for "buzzkill17421" matched profile pictures used for the defendant's Facebook accounts. A search warrant at the defendant's home recovered his iPhone, and data from the phone was consistent with his use of Kik messenger and being "buzzkill17421." The images of Minor Victim 1 were consistent with having been taken in the defendant's home, and an item of clothing from other pictures in the series of images of Minor Victim 1 was recovered from the defendant's home. At the time the pictures were taken, Minor Victim 1 was seven years old.

The defendant admits that if this case were to proceed to trial, the government would be able to prove beyond a reasonable doubt that the defendant knew that the visual depictions would be transmitted using a means or facility of interstate commerce, that is, the Internet and Kik Messenger, and that the visual depictions were actually transmitted using a means or facility of interstate commerce.

III.    **SENTENCING CALCULATION**

A.      Statutory Maximum Sentence

1.      Count One: 18 U.S.C. § 2251(a) – sexual exploitation of a child.

The maximum sentence that the Court can impose on Count One, is no less than 15 years in prison, and not more than 30 years, a fine of $250,000, a term of supervised release of no less than 5 years up to life, and a special assessment of $100. If the defendant is not indigent, he may be subject to a $5,000 per count special assessment pursuant to 18 U.S.C. § 3014 (the Juvenile Victims of Trafficking Act).

B.      Guidelines and Criminal History Calculation

The government concurs with the Sentencing Guideline calculations of the probation officer.

1. Base Offense Level: The base offense level applicable to the charge to which the defendant is pleading guilty in Count One is: 32. *See* U.S.S.G. § 2G2.1

2. Specific Offense Characteristics:

A 4-level enhancement applies because the offense involved a minor who had not attained the age of 12 years. §2G2.1(b)(1)(A);

A 2-level enhancement applies because the defendant knowingly distributed the images. §2G2.1(b)(1)(3);

A 2-level enhancement applies because the defendant had custody, care, or supervisory control over the victim. §2G2.1(b)(5).

3. Preliminary Offense Level: 40.

4. Acceptance of Responsibility:

The defendant accepted responsibility, therefore a 3-level reduction for acceptance of responsibility applies under U.S.S.G. § 3E1.1(a+b).

5. Total Offense Level: 37.

6. Criminal History Calculation Reached by the Government and in the PSR

As anticipated by the parties, the probation officer concluded that the defendant's criminal history category is I.

7. Applicable Sentencing Range

Based on a Total Offense Level of 37 and a CHC of I, the applicable Guideline sentencing range is 210-262 months.

IV. **U.S. PROBATION OFFICE'S SENTENCE RECOMMENDATION**

The USPO recommends a low-end sentence of 210 months. The USPO also recommends and a lifetime term of Supervised Release. *Id*.

V. **GOVERNMENT'S SENTENCING RECOMMENDATION**

The United States respectfully recommends a 210 month term of imprisonment. The United States also recommends and a life term of supervised release to address the relevant conduct discussed at paragraph 3, 9, and 10 of the pre-sentence report. The United States also recommends imposition of the

special conditions recommended by the USPO.  Specifically, the government suggests that the Court find that special condition 14 is appropriate because the combination of defendant's depression and pornography seems to have lead to the offending behavior.

The United States' sentencing recommendation is based on the factors listed in 18 U.S.C. § 3553(s).  Such a sentence is also sufficient but not greater than necessary to achieve justice in this case.  Most important, however, a total sentence of 210-months in custody properly accounts for the enormous weight and aggravating factors and reflects the totality of circumstances in this case.

### A. Defendant's History and Characteristics

Defendant's history and characteristics support imposition of a sentence of 210 months of imprisonment.  *See* 18 U.S.C. § 3553(a)(1).  He has little criminal history, and serious issues with depression.  In addition, his relationship with his wife is somewhat dysfunctional, which may have contributed to an unhealthy fixation on the victim.  *See* PSR ¶¶ 3, 7-10, 12, 14, 20, 58-59.

### B. Nature, Circumstance, and Seriousness of Defendant's Offense

Congress has mandated severe sentences for these offenses, and the mandatory minimum and the sentencing enhancements reflect the seriousness of the offense.  In this case, the defendant began trading child pornography over Kik.  PSR at ¶¶ 5-6.  This migrated to direct chats with other users discussing sex and incest.  PSR at ¶¶ 7-10.  Eventually, this resulted in the production of images.  PSR at ¶¶ 8-10.  In mitigation, this offense did not involve sexual contact or depictions of hand-on abuse.  The defendant's activities result in a high guidelines range, even for a person with no documented criminal history.  This case involves a relatively young victim who has not come to terms with the changes in her life as a consequence of the defendant's criminal activity.  PSR at ¶ 20.  Therefore, the government believes that a sentence of 210 months in custody is sufficient but not greater than necessary in this case.  *See* 18 U.S.C. § 3553(a)(1) and (a)(2)(A).

### C. Need to Promote Respect for the Law and Provide Just Punishment

A sentence of 210 months in custody is sufficient but not greater than necessary to promote respect for the law and to provide just punishment for defendant's crimes.  *See* 18 U.S.C. 3553(a)(2)(A).  The defendant's chats demonstrated an understanding of the illegality of his conduct.  A sentence of 210 months in custody is sufficient but not greater than necessary to promote respect for the law, to provide

just punishment for defendant's crimes.  See 18 U.S.C. 3553(a)(2)(A).

D.    Need to Provide Deterrence and to Protect the Public from Further Criminal Conduct by Defendant

A sentence of 210 months in custody is sufficient but not greater than necessary to provide specific and general deterrence to defendant and others who might contemplate participation in a course of criminal conduct, and to protect the public from further criminal conduct by defendant.  See 18 U.S.C. § 3553(a)(2)(B) and (C).  The government is requesting a life term of supervised release because of the possession of other child exploitation materials, as well as the communications with other Kik users that, although not criminal, raise serious concerns about the defendant's future behavior and need for counseling, behavior monitoring and correction, and other services.  In addition, the defendant's detailed handwritten materials raise concerns about his sexualization of children.  PSR at ¶ 3.

E.    Need to Avoid Unwarranted Sentencing Disparities

The first step to avoiding unwarranted sentencing disparities is to calculate and apply the appropriate guidelines range.  *United States v. Treadwell*, 593 F.3d 990, 1013 (9th Cir. 2010) ("[The Court] correctly calculated and adhered to the appropriate Guidelines range, which in itself serves the purpose of avoiding sentencing disparities.") (citing *Gall v. United States*, 552 U.S. 38 at 54 (2007)). The Ninth Circuit routinely and frequently upholds within-guidelines sentences as being reasonable in child pornography cases.  *United States v. Mikulak*, 616 F. App'x 326, 327 (9th Cir. 2015); *United States v. Sanders*, 558 F. App'x 734 (9th Cir. 2014); *United States v. Rice*, 540 F. App'x 782 (9th Cir. 2013); *United States v. Mills*, 518 F. App'x 540 (9th Cir. 2013); *United States v. Maggio*, 499 F. App'x 696 (9th Cir. 2012); *United States v. Frantz*, 485 F. App'x 890 (9th Cir. 2012); *United States v. Grigsby*, 469 F. App'x 589 (9th Cir. 2012); *United States v. Shigley*, 451 F. App'x 705 (9th Cir. 2011); *United States v. Maier*, 639 F.3d 927 (9th Cir. 2011); *United States v. Aguirre*, 448 F. App'x 670 (9th Cir. 2011); *United States v. Alfaro*, 446 F. App'x 840 (9th Cir. 2011); United States v. Psick, 434 F. App'x 646 (9th Cir. 2011); *United States v. Aglony*, 421 F. App'x 756 (9th Cir. 2011); *United States v. Anthony*, 421 F. App'x 674 (9th Cir. 2011); *United States v. Richards*, 414 F. App'x 911 (9th Cir. 2011); *United States v. Carlson*, 395 F. App'x 413 (9th Cir. 2010); *United States v. Blinkinsop*, 606 F.3d 1110 (9th Cir. 2010).

VII. **RESTITUTION AND VICTIM ISSUES**

The government has provided the guardian of Minor Victim 1 with victim support materials. PSR at ¶ 19. Although the guardian is not requesting restitution, the government believes that due to the pending divorce and because the defendant will be serving a lengthy sentence, restitution is appropriate. With the parties stipulating that a $35,000 restitution award is a reasonable estimate under *Paroline*, 572 U.S. 434, 460 (2014) in the plea agreement, the government requests a $35,000 restitution award. To date, the government has not received a victim impact statement.

VIII. **CONCLUSION**

For the foregoing reasons, the United States respectfully recommends that the Court sentence defendant to a 210-months with a life term of supervised release, and imposition of the special conditions recommended by the probation officer. A sentence total of 210 months in custody is sufficient but not greater than necessary to advance the goals and interests of the sentencing factors set forth in 18 U.S.C. § 3553(a).

Dated: August 15, 2022

PHILLIP A. TALBERT
United States Attorney

By: /s/ ROGER YANG
ROGER YANG
Assistant United States Attorney