THOMAS A. JOHNSON, #119203
MONICA A. QUINLAN, #325465
Law Office of Thomas A. Johnson
400 Capitol Mall, Suite 2560
Sacramento, California 95814
Telephone: (916) 422-4022

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>BRIAN FORMICONI,<br><br>Defendant | Case No.: 2:18-cr-00141-KJM<br><br>NOTICE OF AND REQUEST TO SEAL DOCUMENTS, ORDER<br><br>Judge:   Hon. Kimberly J. Mueller |

## POINTS AND AUTHORITIES

Under Local Rule 141, documents may only be sealed by written order of the court. Pursuant to that rule, counsel for both Plaintiff and Defendant hereby requests that the court issue the following proposed order to seal the sentencing briefs filed by both parties, including all exhibits (A and B), as well as the Pre-Sentence report filed by Probation, for the protection of the victim and other family members.

Under Federal Rule of Criminal Procedure 49.1(d), the court may order that a filing be made under seal without redaction. Furthermore, under subdivision (e)(2) of Rule 49.1, the court, for good cause, may order (1) the redaction of additional information; or (2) limit or prohibit a nonparty's remote electronic access to a document filed with the court.

## STIPULATION

Plaintiff United States of America, by and through its counsel of record, and defendant, by and through defendant's counsel of record, hereby stipulate as follows:

STIPULATION AND ORDER          - 1 -

1. That it would be reasonable and justified, for protective purposes, to seal the following documents:

    a) Document 65, Plea Agreement, Filed 9/3/21

    b) Document 68, Plea Agreement, Filed 9/7/21

    c) Document 86, Sentencing Memorandum, Filed 8/15/22

    d) Document 89, Sentencing Memorandum, Filed 9/6/22

    e) Document 90, Sentencing Memorandum, Filed 9/7/22

    f) Document 91, Exhibit, Filed 9/7/22

    g) Document 92, Exhibits, Filed 9/8/22

2. These documents include sensitive and personal family information, including information related to the defendant's children, and the mother of the victim has requested that these documents be sealed. If this information is public, it could negatively impact the victim in the future. Neither party opposes this request.

3. The plea agreements also contain factual basis information that could negatively impact the victim in the future. It would be better for the victim and family members if this information was kept under seal and not in the public record.

4. Furthermore, a nonparty should be prohibited from obtaining a transcript of the sentencing hearing proceedings on September 12, 2022. Any transcript of those proceedings that exists now or in the future should be sealed. The transcript would include similarly sensitive information related to the victim and the family.

5. The parties agree and stipulate, and request that the Court find the following:

    a) That there is good cause for a nonparty's remote electronic access to the sentencing memorandums and exhibits to be prohibited, until further order of the court. Should the court never order otherwise, a nonparty's remote electronic access should be prohibited in perpetuity.

    b) That this order would provide protection for the victim and other family members, who may be harmed by the public dissemination of the information included in

the mentioned documents.

      c)    That there is also good cause to seal the mentioned documents and transcript of sentencing such that they are not part of the public record of this case.

IT IS SO STIPULATED.

Dated: September 28, 2022      PHILLIP A. TALBERT
Acting United States Attorney

/s/ ROGER YANG
ROGER YANG
Assistant United States Attorney

Dated: September 28, 2022      /s/ THOMAS A. JOHNSON
THOMAS A. JOHNSON
Counsel for Defendant
BRIAN FORMICONI

Dated: September 28, 2022      /s/ MONICA A. QUINLAN
MONICA A. QUINLAN
Counsel for Defendant
BRIAN FORMICONI

**FINDINGS AND ORDER**

The court finds that good cause exists, for protective purposes, to prohibit a nonparty's remote electronic access to Documents 65, 68, 86, 89, 90, 91, and 92. This prohibition will remain in effect until further order of the court. This prohibition is pursuant to Federal Rule of Criminal Procedure 49.1(e)(2).

The court further orders that the documents mentioned above will also be sealed, such that they are not part of the public record, pursuant to Federal Rule of Criminal Procedure 49.1(d). This is also done for protective purposes pertaining to the victim, which the court finds to be good cause.

The court further orders that the transcript of the sentencing proceedings on September 12, 2022, whether one exists now or in the future, be sealed and not part of the public record or available for a nonparty to obtain from the court. This order is made pursuant to Federal Rule of Criminal Procedure 49.1(d).

IT IS SO FOUND AND ORDERED this 4th day of October, 2022.

_____
CHIEF UNITED STATES DISTRICT JUDGE